IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03292-GPG

DOUGLAS XAVIER QUIMI ARELLANO,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Motion to Enforce Judgment (D. 14). The Court GRANTS the motion the following reasons.

On July 21, 2026, the Court issued an Order (D. 9) granting in part Petitioner Douglas Xavier Quimi Arellano's Petition for Writ of Habeas Corpus (D. 1). After determining that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and had been denied a bond hearing before an immigration judge (IJ), the Court ordered Respondents to provide Petitioner with "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest" (D. 9 at 3). Pursuant to that order, a

bond hearing before an IJ was held on July 28, 2026, and Petitioner was once again denied bond (D. 12). Petitioner argues that, at this bond hearing, the IJ incorrectly placed the burden of proof on Petitioner to prove that he is not a flight risk (D. 14). Respondents, while "not conced[ing] that the Motion is meritorious," declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the Motion and award appropriate relief" (D. 16 at 1).

Accordingly, pursuant to this Court's inherent authority to enforce its August 14, 2026, Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may continue to subject Petitioner to the same conditions as before he was re-detained in 2026 but no more restrictions are warranted. As Respondents have not shown that they have proven by a preponderance that Mr. Quimi Arellano is a flight risk or danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds.

DATED September 3, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge